SMITH BROTHERS, RESPONDENTS, *v.* WHEELER & SIMMONS, APPELLANTS.

TENDER—AGREEMENT TO DELIVER MACHINERY.—Where the vendor of heavy machinery agrees to construct and deliver it on railroad cars to be furnished by the vendee at a specified time, and he is then able, ready and willing, and offers to deliver it, but the vendee fails to furnish the cars, and is not at the place of delivery to receive and pay for it as required by contract, it is not necessary for the vendor to remove it from his shop to the railroad depot in order to constitute a tender.

IDEM—VENDOR MAY RECOVER WITHOUT DELIVERY, WHEN.—In case of a contract for the construction of machinery according to order, where the maker has completed it as required by the contract, and tenders it to the vendee, and he refuses to receive and pay for it, the maker may maintain an action for the contract price without an actual delivery of the machinery.

APPEAL from Washington County. The facts are stated in the opinion.

*T. B. Handley*, for appellant.

*Catlin, Killen & Nicholas*, for respondents.

By the Court, KELLY, C. J.

This was an action brought by respondents against appellants to recover the contract price of certain machinery for a steam saw-mill manufactured by them for the appellants.

Substantially, the complaint alleges that, on the twenty-first day of November, 1877, the parties entered into a contract by which respondents agreed to construct for appellants a steam-boiler engine and a quantity of other machinery specified in the contract. It was to be completed on the twenty-first day of January, 1878, and delivered on that day on the cars of the Oregon Central railroad, when and where appellants were to receive it and pay three thousand three hundred and eighty-five dollars and ninety cents on the delivery thereof. Respondents allege that they completed the machinery and had it ready for delivery before the twenty-first day of January, and requested appellants to furnish cars on which to receive it, which they neglected and refused to do. They also allege that, on the

twenty-first day of January, appellants notified them that they could not receive or pay for the machine on that day, and requested respondents not to deliver it at that time, and they then paid four hundred dollars on account. The respondents then aver that they were ready and willing to deliver the machinery, and have ever since been ready and willing to deliver it, according to the terms of their contract, but appellants have refused to receive and pay for the same. They then demand a judgment for the contract price, less the sum of four hundred dollars, paid thereon. Appellants, in their answer, deny that the machinery contracted for was completed and ready for delivery on the twenty-first day of January, or that respondents, at any time, requested them to furnish cars for transporting the same. They deny that, on the twenty-first of January or at any other time, they notified respondents that they could not receive and pay for the machinery, and deny that respondents were ready and willing to deliver it according to contract, and that there is anything due and owing them on account. The appellants, further answering, say that respondents did not notify them one week before the twenty-first of January that the machinery would be ready for delivery on the cars on that day. That, on the twenty-first of January, they went to respondents' shop and, believing their representations to be true that the machinery was completed, they paid four hundred dollars thereon and then requested respondents to defer the delivery of it for one week, in order to give them time to procure teams and cars for the transportation of it. That respondents agreed to this and, on the twenty-eighth of January, cars and teams were secured by them at great expense, and they were ready and willing to receive and pay for it on that day, but that the machinery was not then completed and ready for delivery. The replication denies all the new matter set up in the answer. Judgment was rendered on the verdict of the jury for the amount claimed by respondents.

Several exceptions were taken by appellants to the instructions of the court, but most of them are to sentences detached from the contest, and which can not be fully understood

without considering them in connection with other portions of the charge. We will therefore consider them together instead of separately, as nearly all the assignments of error relate to but one question, that is, whether the respondents did all they were required to do in order to constitute a tender of the machinery to the appellants, so as to entitle them to recover in this action. On this point the court charged substantially, that if respondents were able, ready and willing to complete the contract by delivering the machinery on board the Oregon Central railroad on the twenty-first day of January, or any subsequent day agreed upon by the parties, if there was an extension of time for the delivery of it, and the appellants were not able, ready and willing to receive it on board the cars and pay for it on the twenty-first day of January or any subsequent day agreed on, then the respondents would be entitled to recover in this action although they did not remove the machinery from the shop, and take it to the railroad.

The facts, as they are admitted by the pleadings or as set forth in the bill of exceptions, are in substance these: The respondents agreed to construct the machinery and deliver it to appellants on board the railroad cars on the twenty-first day of January, 1878, when the appellants were to receive and pay the contract price, three thousand three hundred and eighty-five dollars and ninety cents. On that day appellants went to respondent's shop and were told that the machinery was done and ready for delivery. Being unable to receive it then they paid four hundred dollars on account and requested respondents to defer the delivery for one week, in order to give them time to obtain cars and teams to transport it. The appellants had not, at any time, the money on hand ready to pay or tender the balance of the price. This appears by the bill of exceptions. Nor did they either, on the twenty-first or twenty-eighth of January, have the cars at the place where the machinery was to be delivered at the railroad, nor were they there to receive or pay for it. The appellants claim that the court erred in its charge, and also in refusing to instruct the jury that "repondents were not entitled to demand payment until they de-

livered the machinery at the place designated in the contract."
The court did not err, either in its charge or in refusing to
give the instruction asked.   The law, undoubtedly, is that
where delivery of goods by a vendor at a particular place,
and payment of the price by the vendee are concurrent acts,
an actual delivery or tender of the goods at the place is
necessary, in order to entitle the vendor to sue for the
price, but there are exceptions to the rule, and this is one
of them.   The appellants did not have the necessary cars at
the railroad depot upon which the machinery could be
placed, and it was therefore impossible for respondents to
deliver it on the cars or to tender it then.   Nor would they
have been justified under the circumstances in taking it to
the railroad depot, and leaving it by the wayside where it
would probably have been injured, or parts of it lost.   The
respondents undoubtedly knew that appellants had made no
preparation whatever to receive it, and it would have been
but an idle ceremony to haul the machinery to the depot,
look around for the absent vendees to tender it to them, and
then take it back to their shops.   It is a legal maxim that
the law never requires any one to do a vain or useless act—
*Lex neminem cogit ad vana seu inutilia.*

The appellants, however, insist that even if the respond-
ents have a cause of action it can only be for damages for
a breach of the contract, and that they are not entitled to
recover the stipulated price because they still own the ma-
chinery, inasmuch as there has been no actual delivery of
it.   There is a diversity among the decisions of different
courts upon this subject, where the property sold still re-
mains in the possession of the vendor.   Mr. Sedgwick,
treating of it, says: " If the possession of the goods has
not been changed it has been doubted whether the rule of
damages is the price itself, or only the difference between
the contract price and the value of the article at the time
fixed for its delivery.   It seems to be well settled in such
cases that the vendor can resell them if he see fit, and charge
the vendee with the difference between the contract price
and that realized at the sale.   But if the vendor does not
pursue this course, and, without reselling the goods, sues

the vendee for his breach of contract, the question arises which we have already stated whether the vendor can recover the contract price or only the difference between that price and the value of the goods which remain in the vendor's hands; and the rule appears to be that the vendor can recover the contract price in full." (Sedgwick on Damages, 337, sixth edition.)

In the supreme court of Maine it is held that the manufacturer of an article for a customer who refuses to take any pay for it can not maintain an action for the contract price; that until delivery of the goods the title does not pass from the vendor. (*Moody* v. *Brown*, 34 Maine, 107.) In New York the rule is directly the reverse of this. In a recent case, Church, C. J., says: "Upon a valid sale of specific chattels, where nothing remains to be done by the vendor except delivery, whether conditioned upon payment or not, the right of property passed to the vendee, at whose risk it is retained by the vendor. The same consequence as to title results from a valid tender upon an executory contract. Upon the refusal of the vendee to accept and pay the price, the vendor, upon proper notice, may sell the property and recover the difference, or he may sue for the difference between the contract and actual price, in which case he elects to retain the property as his own, or he may recover the contract price, in which case he holds the property as trustee for the vendee, and is bound to deliver it whenever demanded, upon receiving payment of the price." (*Hayden* v. *Dements*, 53 N. Y. 426; *Dunton* v. *McAndrew*, 44 N. Y. 72.)

The ruling in Pennsylvania is the same. In a case where the manufacturer of an article made to order had completed it, and upon notice of its completion the buyer refused to pay for and take it away, it was held that the maker might sue for its value, and the measure of damages was the contract price. (*Ballentine* v. *Robinson*, 46 Penn. S. 177.) When a vendee refuses to receive and pay for ordinary goods, wares and merchandise which he has contracted to purchase, the measure of damages which the vendor is entitled to recover usually is the difference between the contract and the market price of the goods at the time when the contract

was broken.   Yet where the subject of the sale is a specific article of property to be manufactured by the vendor for the vendee, and the former has completed the contract and performed all that he is required to do under it, there seems to be no good reason why he should not be entitled to recover the price agreed upon in the contract.   Here it is not strictly the case of a sale of merchandise.   The respondents agreed to make certain machinery according to the directions of the appellants, and to furnish the necessary materials for it.   When it was completed and ready for delivery the appellants either neglected or refused to furnish the cars upon which it was to be delivered, as they had agreed to do.   Under these circumstances, we think the right of property was clearly in them.   They alone were in default, and there is therefore no just reason why the respondents should be compelled to accept the machinery in part payment of their demand, and sue for the balance.   Nor is there any reason why they should be subjected to the risk and trouble of a resale for the benefit of appellants. The just rule in such cases is that when the vendor of an article has manufactured it according to order, and offers to deliver it to the vendee in accordance with the agreement, who refuses to accept it, the vendor should be entitled to sue for and recover the contract price.

The judgment of the court below is affirmed.