ALBERT W. TODD AND ANOTHER, COMPOSING THE FIRM OF
L. FEUCHTWANGER & CO., RESPONDENTS, v. JAMES
GAMBLE AND OTHERS, COMPOSING THE FIRM OF PROCTOR
& GAMBLE, APPELLANTS.

*Contracts to manufacture — breach thereof by purchaser — delivery, when excused —
measure of damages — cost of production, when it may be shown — burden of proof.*

In an action brought to recover damages upon an executory contract to manufac-
ture certain merchandise, it appeared that the plaintiffs were manufacturers of
silicate of soda used in the manufacture of soap; that the defendants, who were
soap manufacturers, agreed to receive of the plaintiffs all the silicate of soda
which the defendants would use in their business for one year at a definite price,
and that after a part of the silicate had been manufactured and delivered the
defendants refused to accept any more.

The plaintiffs sued for the breach of contract and recovered judgment for the
damages resulting therefrom.

*Held,* that, in the case of an executory contract to manufacture goods, if after a
part has been delivered the vendee notifies the vendor that he will not receive
further goods, the vendor may recover damages without manufacturing and
tendering the quantity still to be delivered.

That the measure of damages in such case is the difference between the contract-
price and the actual, that is to say, the market-value of the goods.

That where no market-value can be determined the cost of production may
be shown.

Upon the trial of the action one of the plaintiffs testified that silicate of soda had
no market-value, and upon this point the plaintiffs offered no other testimony.

*Held,* that as the witness was an interested party, the question whether silicate of
soda had a market-value was one of fact which it was erroneous to withdraw
from the jury

That, unless it was found that silicate of soda had no market-value, the burden of
showing which was upon the plaintiffs, evidence of the cost of production was
incompetent.

APPEAL by the defendants, James Gamble and others, composing
the firm of Proctor & Gamble, from a judgment of the Supreme
Court, entered in the office of the clerk of the city and county of
New York on the 28th day of October, 1892, upon a verdict for
the plaintiffs for $9,777.27 and costs, after a trial at the New York
Circuit by the court and a jury; and also from an order of said
court, entered in said clerk's office on the 27th day of October, 1892,
denying a motion for a new trial made upon the usual grounds.

This action was brought to recover damages for defendants' failure to receive and pay for silicate of soda, to be manufactured and delivered under an executory contract.

The plaintiffs were engaged, in this State, in the manufacture and sale of silicate of soda, which is used in manufacturing laundry soap, in which business the defendants were engaged in the State of Ohio. The parties entered into a written contract by which the plaintiffs agreed to thereafter deliver, and the defendants to receive, free, on board the cars at the city of New York, all of the American silicate of soda of the plaintiffs' regular standard make, which the defendants should use in their business between March 1, 1887, and March 1, 1888, for one dollar and ten cents per hundred pounds. Under this contract, the plaintiffs delivered 150 barrels of soda in March, and 200 in April, 1887, containing 192,308 pounds, which was accepted and paid for. April 22, 1887, the defendants notified the plaintiffs that no more silicate of soda would be received under the contract. It was conceded on the trial, that between the date last mentioned and March 1, 1888, the defendants purchased from other manufacturers and used in their business 1,582,468 pounds of American silicate of soda.

*Frederick R. Kellogg*, for the appellants.

*Albert B. Boardman*, for the respondents.

FOLLETT, J.:

The existence of the contract, and that it was broken by the defendants, were facts conceded on the trial, as was also the quantity of American silicate of soda which defendants purchased of manufacturers other than the plaintiff, and used in their business during the term for which the contract ran. In case a vendor agrees, by an executory contract, to manufacture goods, to be delivered from time to time, as ordered by the vendee, to be paid for after each successive delivery, and the vendee, after having accepted and paid for a part, gives notice that he will not receive or pay for the rest, the vendor may recover damages for the breach of the contract without manufacturing or tendering the remainder of the goods. (*Windmuller* v. *Pope*, 107 N. Y., 674; *Dingley* v. *Oler*, 11 Fed. Rep., 373; *Ripley* v. *McClure* 4 Exc. Rep., 345.) In such a case

the vendor is not entitled to elect between several remedies, as in case of a sale of goods in existence and identified, or in case goods are manufactured before the contract is rescinded, but he is confined to recovering the difference between the contract-price and the actual money value of the property at the time and place appointed for their delivery. (*Windmuller* v. *Pope, supra ; Borries* v. *Hutchinson,* 18 C. B. [N. S.], 445.) This rule of liability, as well as the one above stated for ascertaining the amount of the liability, seems to be acquiesced in by the learned counsel for both parties to this litigation. Both agree that when an executory sale is made of articles having a market-value, which the vendee refuses to accept, the measure of his liability is the difference between the contract-price and their actual value, which the law deems equivalent to their value in the market. But, if the subject of the sale has no market-value, the measure of the vendee's liability is still the difference between the contract-price and the actual value of the goods, the actual value being a factor in each case in determining the question of damages. When the value of the article cannot be determined by what it will sell for in the market, it must be ascertained in other ways, sometimes by showing the cost of production.

In this case the court ruled that the measure of the defendant's liability was the difference between the contract-price and the cost of production, impliedly holding that, under the evidence, there was no question of fact as to whether the goods had or had not a market-value. The court was requested to charge that the jury could not consider the cost of producing the soda, unless they found that it had no market-value, which was refused and an exception taken. The defendants also requested the court to rule and charge that the burden was on the plaintiffs to show that the silicate of soda had no market-value, before evidence of the cost of production could be received or considered by the jury, which was also refused and an exception taken. Thus the court determined, as a matter of law, that the article was without a market-value. We think this was error. One of the plaintiffs was the only witness called in their behalf on this question who testified to facts which would have authorized the jury to have found that the goods had no market-value, but he admitted that, on a former trial, he testified to the market-price of the article at the time the contract was made, and

for six months following. This witness being an interested one his credibility was for the jury. The evidence of Mr. Lincoln, taken on the former trial, was admitted on the last one, in which he stated the market-prices of silicate of soda between March 1, 1887, and March 1, 1888. The burden was on the plaintiffs to show that the article had no market-value, and under the state of the evidence disclosed by the record, whether it had or had not such a value, was a question of fact for the jury, and not one of law for the court. In *New York and Maine Granite Paving Company* v. *Howell* (7 N. Y. St. Rep., 494) damages were sought to be recovered from a vendee for refusing to accept paving granite. The plaintiff insisted that the actual value of the goods was to be ascertained by proving the cost of production, while the defendants contended that their market-value was proof of actual value. The trial court held, as a matter of law, that the granite had no market-value, and refused to submit that question, as one of fact, to the jury, which was held to be error.

The judgment and order should be reversed and a new trial granted, with costs to abide the event.

O'Brien and Barrett, JJ., concurred.

Judgment and order reversed and new trial ordered, with costs to abide event.