### LEVY et al. v. GLASSBERG.

(Supreme Court, Appellate Term.   February 16, 1905.)

1. SALES—PURCHASER'S REFUSAL TO ACCEPT—TENDER.

   Where the purchaser of goods stated to the seller that no delivery need be made, as he would not accept, the seller was not required to make a tender.

   [Ed. Note.—For cases in point, see vol. 43, Cent. Dig. Sales, § 959.]

2. SAME—REMEDIES OF SELLER.

   Where the purchaser of goods refuses to accept, the seller may store or retain the property for the vendee, and sue for the entire purchase price; or he may sell the property, and recover the difference between the contract price and the price obtained upon a resale; or he may retain the property as his own, and recover the difference between the market value at the time and place of delivery and the contract price.

3. SAME—EVIDENCE.

   In an action for the balance of the contract price of goods sold, but not accepted by the purchaser, evidence *held* to show that the seller had elected to retain the goods as the property of the purchaser, and not as his own.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Minnie Levy and others against Max Glassberg.   From a judgment for defendant, plaintiffs appeal.   Affirmed.

Argued before SCOTT, MacLEAN, and DAVIS, JJ.

Richard T. Greene, for appellants.

J. A. Seidman, for respondent.

DAVIS, J.   Judgment was rendered for the defendant upon his counterclaim of $79, the balance of the contract price of certain articles of furniture to be manufactured by defendant for the plaintiffs.   The court below found that all the articles were delivered by defendant according to the contract, except a millinery case.   The evidence showed that the millinery case had been completed, but that the plaintiffs told the defendant that he need not deliver it, as they would not accept it, because it was not properly made.   This attitude of the plaintiffs made it unnecessary for the defendant to make any further tender, and, under the authorities, he could then pursue one of three courses:   He could store or retain the property for the vendees, and sue for the entire purchase price; or he could sell the property, and recover the difference between the contract price and the price obtained upon a resale; or he could retain the property as his own, and recover the difference between the market value at the time and place of delivery and the contract price.   Moore v. Potter, 155 N. Y. 481, 486, 50 N. E. 271, 63 Am. St. Rep. 692; Bridgford v. Crocker, 60 N. Y. 627.   In the case at bar the answer and the evidence show that the defendant retained the case as the property of the plaintiffs, and sued for the balance of the contract price.   In his answer he states that "the plaintiff notified defendant that he would not receive the millinery case; that the defendant has always been ready and willing to perform the contract."   Evidence was given by the defendant tending to support

these allegations. Defendant's bookkeeper, for instance, testified, in effect, that he went to the store of the plaintiffs, and said to them: "There is a millinery case, and we will put it up, and we will see that it is all right." The plaintiffs answered: "We don't want the millinery case. We won't have it. You tell your boss we don't want the millinery case." In addition to this, the defendant testified at the trial that he was then willing and ready to deliver the case.

In view of this evidence, it would appear that the defendant had elected to retain the property for the plaintiffs, and not as his own. If so, he has a good cause of action, under the authorities, for the balance of the contract price.

The judgment should be affirmed, with costs to the defendant.

MacLEAN, J. (concurring). By written contract, the party of the first part, the defendant herein, agreed "to make, deliver and fix up" certain fixtures, among which was a millinery case, for the parties of the second part, the plaintiffs herein; and "the price for said job including material, labor, and delivery," was agreed upon. No sufficient reason appears for disturbing the determination of the trial justice upon the claim of the plaintiffs for failure to deliver, what was delivered, pursuant to the terms of the contract, or upon the counterclaim of the defendant for the recovery of the balance of the contract price. The evidence disclosed that the millinery case had been completed when the contract was rescinded by the plaintiffs by informing the defendant that he need not deliver, nor would they accept, the millinery case. In such case the defendant was bound neither to deliver nor tender, for the article had been manufactured; nor was he limited to recover the difference between the contract price and the value of the article at the time and place appointed for its delivery (Todd v. Gamble, 67 Hun, 38, 39, 40, 21 N. Y. Supp. 739, and Bement v. Smith, 15 Wend. 493), but had his election as set forth in Dustan v. McAndrew, 44 N. Y. 72. The judgment must therefore be affirmed.

Judgment affirmed, with costs.

SCOTT, J., concurs in the result.