## J. GEORGE LEYNER ENGINEERING WORKS CO. v. MOHAWK CONSOL. LEASING CO.

(Circuit Court, D. Nevada. December 31, 1907.)

No. 989.

SALES (§ 340*)—MANUFACTURED ARTICLES—BREACH OF CONTRACT BY BUYER—REMEDIES OF SELLER.

Where the buyer refuses to accept goods manufactured on his order, the seller, not being at fault in the matter, may store or retain the goods for the buyer and sue for the entire purchase price, or he may sell the goods, and recover the difference between the contract price and the price obtained on resale, or he may retain the goods as his own, and recover the difference between the market value at the time and place of delivery and the contract price.

[Ed. Note.—For other cases, see Sales, Dec. Dig. § 340.*]

At Law. Action by the J. George Leyner Engineering Works Company against the Mohawk Consolidated Leasing Company. On demurrer to complaint. Overruled.

S. M. McDowall, for plaintiff.
Henry M. Farnam, for defendant.

FARRINGTON, District Judge. The material portions of the complaint read as follows:

"(3) On the 11th day of October, A. D. 1906, at Denver, Colo., the defendant agreed in writing with the plaintiff that plaintiff should make and furnish for it certain machinery, material, goods, wares, and merchandise, to wit, one seventy-five (75) horse power double drum electric driven hoist, complete with motor, reversible controller, and resistance, and that the plaintiff should receive from defendant for the same upon its arrival free on board the cars at Goldfield, Nev., the sum of four thousand six hundred and

fifty dollars ($4,650), payment to be made at Denver, Colo., in United States gold coin, New York or Denver exchange, draft with bill of lading attached to be paid upon arrival of machinery in Goldfield as aforesaid.

"(4) The plaintiff made the said machinery, shipped the same to Goldfield, Nev., and on or about the 25th day of February, 1907, offered to deliver the same to defendant,. presented the bill of lading therefor, with draft for the amount aforesaid, and offered to deliver the same to defendant on board the cars at Goldfield, Nev., upon payment of the said sum of $4,650 and exchange on Denver, Colo., and has ever since been, and still is, ready and willing to do so with the charges added for unloading, moving, handling, and storing the same, and that the amount claimed exceeds the sum of $2,000, exclusive of interest and costs.

"(5) The plaintiff duly performed all of the conditions of the aforesaid contract and agreement on its part to be performed.

"(6) By reason of the defendant failing and refusing to receive the said machinery on board the cars at Goldfield, Nev., and pay for the same as aforesaid, the plaintiff was compelled to unload said machinery from the cars, move and store the same at a cost and expense of one hundred ($100) dollars.

"(7) Defendant has not paid for the said machinery or for unloading, moving, and storing the same, nor any part thereof."

Judgment is demanded for $4,750, and costs of suit.

Defendant demurs to the complaint on the ground that it does not set forth facts sufficient to constitute a cause of action: First, because it does not appear from the face of said complaint that plaintiff has in any manner whatsoever been damaged in connection with the transaction set forth in said complaint; second, because it does not appear from said complaint that any rule of damage is set forth therein, by reason of which the court can be apprised of any damage done or injury sustained by plaintiff by reason of the transaction set forth in said complaint; third, because of other good and sufficient reasons appearing upon the face of the complaint.

Defendant proceeds upon the theory that the facts disclosed in the complaint do not entitle plaintiff to recover the contract price of the machinery; that, in order to recover anything, it is necessary to plead facts which show that plaintiff has been damaged by reason of the transaction set forth in the complaint. The demurrer thus presents the question as to what is the proper measure and character of relief to be applied in cases of this kind.

When a contract for the manufacture and sale of goods is broken by the vendee, the vendor, if he has suffered injury in consequence, is entitled to relief. The amount of relief should be equal to the amount of injury, and the character of relief should be that which is most likely to afford him an adequate compensation for materials and labor furnished, and for profits lost. If the contract is executory, as in a case where the vendee repudiates his obligation and notifies the vendor before the articles contracted for are completed that he will not receive them, it would be unjust to permit the vendor to recover the full contract price. He is entitled only to his actual damages, and these would consist "of two distinct items of damage: (1) His outlay and expenses, less the value of materials on hand; (2) the profits he might have realized by performance, which profits are related to the outlays and include them and something more." This rule is cited by

defendant, and although it is approved and applied in United States v. Behan, 110 U. S. 338, 4 Sup. Ct. 81, 28 L. Ed. 168, it is clearly inapplicable to a case where the article contracted for is completed, delivery tendered, and refused.

If the contract has been completely executed by the vendor, as in a case where goods have been manufactured, delivered, and accepted, but the vendee refuses to pay for them, obviously the proper relief is the compensation fixed by the agreement itself. And in that numerous class of cases where goods contracted for are tendered by the seller to the buyer, and by the latter rejected and delivery refused, the seller, not being at fault in the matter, may pursue any one of three remedies. He can store or retain the property for the vendee and sue for the entire purchase price, or he can sell the property and recover the difference between the contract price and the price obtained upon a resale, or he can retain the property as his own and recover the difference between the market value at the time and place of delivery and the contract price. Kinkead v. Lynch (C. C.) 132 Fed. 692, 696; Levy v. Glassberg (Sup.) 92 N. Y. Supp. 50; Dustan v. McAndrew, 44 N. Y. 72, 78; Van Brocklen v. Smeallie, 140 N. Y. 70, 75, 35 N. E. 415; Moore v. Potter, 155 N. Y. 481, 50 N. E. 271, 63 Am. St. Rep. 692.

The complaint in this case shows that plaintiff completed the manufacture of the machinery in question; that it was shipped to Goldfield; that it arrived in Goldfield, and was then and there tendered to defendant. Plaintiff thus performed all the conditions of the contract so far as it was able to do so. We must presume that plaintiff is without fault, and the machinery was manufactured in compliance with the contract. The fact that defendant refused to accept delivery of the machinery is not one for which plaintiff is in any wise at fault. It would be unjust to plaintiff that it should be put in a worse position by the default of defendant than it would have been if defendant had fulfilled its part of the contract. The contract is executed so far as any of its obligations lay upon the plaintiff. Under it there remains nothing further for the plaintiff to do. Plaintiff has performed the contract. Defendant has broken it. Plaintiff has earned the contract price of the machinery. Why should plaintiff, in consequence of defendant's wrong, be compelled to take anything other or different as compensation than that which is fixed in the contract? Is it just that plaintiff in lieu of gold coin, New York or Denver exchange, for which it contracted, should be compelled, through no fault of its own, to accept in satisfaction, or partial satisfaction, of this agreement at the market price several pieces of machinery which were manufactured, not for the market, but for the defendant, and presumably to meet defendant's peculiar needs?

The Engineering Works Company, plaintiff, is doing business at Denver. It may have no use for such machinery at Goldfield; it may need money, not machinery; and it may be exceedingly inconvenient for that company to carry the hoist, motor, controller, and resistance until it finds some one who can make use of and pay for them. Why should plaintiff be compelled to assume the trouble, uncertainty, and responsibility of reselling the machinery and realizing from oth-

ers a portion or all of that which should be paid by defendant? It is only just that the trouble, risk, and responsibility of disposing of the rejected machinery should be placed upon the party who is at fault. Such considerations as these justify the rule above cited, which in these cases permits the vendor who has done all within his power to carry out his contract to elect his remedy against a defaulting vendee. The tender of a completed chattel, according to the terms of sale, by a vendor who is without fault, even though refused by the vendee, is tantamount to delivery. "Under a contract for the manufacture of an article * * * not existing in specie at the time of making the contract, it is the general rule that no title vests in the purchaser during the progress of the work, nor until the chattel is finished and delivered, or, at least, is ready for delivery, and by tender or other equivalent act is appropriated to the buyer. * * * By the weight of authority acceptance by the buyer is not indispensable. If the chattel is produced at the time, and of the kind and quality specified, and in all other respects in compliance with the order, so that the buyer ought to accept it, the title will pass upon a tender or offer of delivery even though the buyer refuses to accept it." 1 Mechem on Sales, § 754; Hayden v. Demets, 53 N. Y. 427; Higgins v. Murray, 4 Hun (N. Y.) 565. "The general rule is that a chattel ordered to be manufactured continues to be the property of the manufacturer until it is completed and delivered or tendered. 1 Benj. on Sales, § 536; Tiedeman on Sales, § 89. The tender, if made and refused, takes the place of delivery and acceptance." Kinkead v. Lynch (C. C.) 132 Fed. 692, 696. In Smith v. Wheeler, 7 Or. 49, 33 Am. Rep. 698, there was a contract to manufacture a steam boiler engine, and a quantity of other machinery to be delivered on board the cars at a certain date, when and where defendants would receive and pay for it. Before the specified date the machinery was ready for delivery, defendants were notified by the company and requested to furnish the cars, as the contract provided. This they refused to do, and plaintiff brought an action to recover the contract price. The court said:

"Under these circumstances, we think the right of property was clearly in them. They alone were in default, and there is, therefore, no just reason why the respondents should be compelled to accept the machinery in part payment of their demand, and sue for the balance. Nor is there any reason why they should be subjected to the risk and trouble of a resale for the benefit of appellants. The just rule in such cases is that when the vendor of an article has manufactured it according to order, and offers to deliver it to the vendee in accordance with the agreement, who refuses to accept it, the vendor should be entitled to sue for and recover the contract price."

In Black River Lumber Co. v. Warner, 93 Mo. 374, 387, 6 S. W. 210, the court, after declining to express any opinion as to whether the rule should be applied in cases of sales of ordinary goods and merchandise, says:

"Where, however, the subject-matter of the contract is a specified article to be manufactured by the vendor for the vendee, and the vendor has completed his contract, and performed all that the contract requires him to do, it is but just and fair that his damages, in case of a refusal of the vendee to accept the article, should be the contract price."

In Bement v. Smith, 15 Wend. (N. Y.) 493, plaintiff agreed to make and deliver to defendant a sulky. The plaintiff made the sulky and offered it to the defendant at the time and place agreed upon. Defendant refused to accept it. The plaintiff left the sulky in charge of a third person for the defendant, and suit for the contract price was brought. The court held that the offer was tantamount to delivery, and in such a case the contract price was the proper measure of damages. The same rule was applied in Bookwalter v. Clark (C. C.) 10 Fed. 793, where the defendant had ordered plaintiff to manufacture a waterwheel to be shipped by a certain date, agreeing to pay for it on a later date. Plaintiff fulfilled the contract and tendered delivery. The defendant refused to accept the goods. The rule as stated in Smith v. Wheeler, supra, seems so just and reasonable, and is so strongly supported by the following authorities that it must be declared the proper rule to be applied in the present case: Bookwalter v. Clark (C. C.) 10 Fed. 793, 797; Kinkead v. Lynch (C. C.) 132 Fed. 692, 697; Bement v. Smith, 15 Wend. (N. Y.) 493; Levy v. Glassberg (Sup.) 92 N. Y. Supp. 50; McAlister v. Safley, 65 Iowa, 719, 723, 23 N. W. 139; Black River Lumber Co. v. Warner, 93 Mo. 374, 6 S. W. 210; Shawhan v. Van Nest, 25 Ohio St. 490, 18 Am. Rep. 313; Ballentine v. Robinson, 46 Pa. 177; Wood v. Michaud, 63 Minn. 478, 65 N. W. 963; McCormick Harvesting Mach. Co. v. Markert, 107 Iowa, 340, 78 N. W. 33; Fountain City Drill Co. v. Peterson, 126 Wis. 512, 106 N. W. 17.

In closing this opinion it is not amiss to say that the complaint is open to criticism. Under the terms of the alleged contract, plaintiff is not entitled to receive payment for the machinery until "its arrival free on board the cars at Goldfield, Nev.," yet there is not within the complaint any positive averment that such an arrival ever took place. Again, it is alleged that plaintiff offered to deliver the machinery "to defendant on board the cars at Goldfield, Nev.," yet there is no direct averment that defendant ever refused to receive the machinery. Facts which are material and essential to a cause of action should not be supplied by mere inference, assisted by a liberal, or perhaps strained, construction of the pleading. Such facts ought to be set out in clear, positive terms. These objections were not made either in the demurrer or in the briefs of counsel. Therefore I shall simply hold that the objections on which the demurrer is grounded are not well taken.

The demurrer is overruled, and defendant given 20 days to answer.