Argued January 31, decided February 7, 1911.

## WALLACE *v.* ARMSTRONG.

[113 Pac. 50.]

CONTRACTS—ACTIONS—FINDINGS—SUFFICIENCY.

1. In an action on a contract whereby plaintiff agreed to erect a sign for defendant, it was not necessary for the findings to describe the sign erected, where the answer admitted that it was the same as described in the complaint.

CONTRACTS—ACTION—FINDINGS.

2. In an action to recover the price of a sign, the findings *held* to support a judgment for plaintiff.

CONTRACTS—ACTIONS—VARIANCE.

3. In an action on a contract to construct a sign for defendant, an allegation in the complaint that the contract price was $225 was supported by evidence that the cost of the sign should be in proportion to the cost of a similar sign constructed by plainttiff for defendant and placed upon another part of the same building, and that the cost of the sign constructed under the contract, as compared with that of the other sign, was $225; it appearing that the determination of the price of the second sign was a mere matter of mathematical computation.

TRIAL—RECEPTION OF EVIDENCE—SUFFICIENCY.

4. An objection to the admission of evidence which did not call the court's attention to the exact ground of objection thereto was insufficient.

CONTRACTS—BREACH—REMEDIES.

5. If the defendant refused to accept and permit the erection of a sign, for the construction and erection of which he contracted with plaintiff, plaintiff may recover the contract price and is not relegated to an action for damages.

From Multnomah: WILLIAM N. GATENS, Judge.

Statement by MR. JUSTICE MCBRIDE.

This proceeding was an action by Elmer J. Wallace

against A. P. Armstrong and the Portland Business College, originally begun in the justice's court in Portland. The complaint stated two causes of action. The first was upon a contract to paint, for defendant, a large plate glass sign of certain dimensions, and to bear the following legend:

Portland Business College
(The School of Quality)
A. P. Armstrong, L.L.B. Principal.
Take the Elevator.

It is alleged that defendant promised to pay plaintiff, for the making and placing of the sign, the reasonable value of such service, $25. The second cause of action was upon an alleged express contract to paint a large sign for defendant, for which defendant was to pay the sum of $225. Defendant answered, denying the contract set up in the first cause of action, and alleging one identical to it, except that the letters "L.L.B." were to be painted without a period after each letter, thus "LLB," and that the words "The School of Quality" were to be included in quotation marks, viz., "The School of Quality," instead of being embraced in parenthesis. As to the second cause of action, defendant admitted making a contract to paint the sign susbtantially as described in the complaint, but denied that there was any agreement as to price, except that plaintiff agreed to paint it for a sum considerably less than that paid for a similar sign which he had theretofore constructed and placed upon the building; that it was agreed that the sign should be constructed and placed upon the building by the time the public schools should open, which would be of special benefit to defendant, because many students, attending high school, who passed along that street, would be attracted to defendant's business college; that plaintiff failed to construct the sign within the time agreed upon; and that in November, 1908, long after the public schools

were opened, plaintiff attempted to put a sign on the
building, but defendant refused to allow him to do so.
The reply negatived defendant's affirmative defenses.
The case was appealed to the circuit court and tried
before the judge without the intervention of a jury. The
court found for plaintiff in the sum of $20 on the first
cause of action, and $200 on the second.

The findings of fact were as follows:

"(1) That this cause was an appeal from the justice
court of Portland District, Multnomah County, Oregon,
on behalf of the defendant, and that the transcript of
appeal from said court was filed in the above-entitled
court on the ―――― day of ――――, 1909.

"(2) That on or about the 22d day of August, 1908,
at Portland, Oregon, plaintiff, at the special instance
and request of defendant above named, performed work
and labor and rendered services for said defendant in the
construction of, and the painting and placing in position,
a large plate glass sign, the same to be placed in the
entrance of defendant's place of business on Morrison
Street, Portland, Oregon, and for such services, labor
rendered and performed by plaintiff for said defendant
in the construction and placing of said glass sign, said
defendant agreed to and promised to pay plaintiff the
reasonable value thereof, and which said sum the court
finds to be the sum of $20.

"(3) That plaintiff performed all of his part of the
work and finished and delivered and placed in position in
the entrance of said building, where defendant conducts
his business, said plate glass sign in a good first-class,
workmanlike manner, saving and excepting therefrom
a few minor errors, for which the court deducts the sum
of $5.00 from the price.

"(4) That plaintiff is entitled to recover on the first
cause of action, as herein set forth, the sum of $20.

"(5) The court further finds that plaintiff and defend-
ant on or about the 22d day of August, 1908, entered
into a verbal contract wherein plaintiff was to make and
construct for said defendant and place in position a large
sign three feet wide by ninety-six feet long, in gold letters,

the same to be placed in position on the outside of the building where plaintiff conducts his business on Morrison Street, Portland, Oregon.

"(6) That the contract and agreed price of said sign was to be the sum of $225; that defendant agreed and promised to pay plaintiff therefor upon the completion and placing in position the same.

"(7) The court further finds that there was no specified date or time wherein or whereby said plaintiff was to place said sign on the building occupied by defendant, but was to do so as soon as possible, and to finish the same at earliest possible date.

"(8) That plaintiff did on or about the 4th day of November, 1908, complete said large sign, and then and there attempted to deliver same to the defendant by placing the same upon the building as constructed and agreed upon between plaintiff and defendant, and that defendant, refused to accept the same from plaintiff, or to allow him to place the same in position and to fufill his part of the contract on said sign.

"(9) The court further finds that plaintiff has performed and has offered to perform all his part of said contract and to complete the same, and has been since the 4th day of November, 1908, ready, willing, and able to deliver and place in position the said large sign upon the building wherein defendant conducts his business in Portland as agreed upon.

"(10) The court further finds that plaintiff is entitled to the sum of $200 for making and constructing said large sign for defendant.

"(11) The court further finds that plaintiff should not place said large sign in position, but it is the duty of the defendant so to do, and to make any corrections upon the small sign that he should desire."

The defendant appeals.          AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. J. F. Boothe.*

For respondent there was a brief over the names of *Mr. J. A. Strowbridge* and *Mr. H. W. Strong* with an oral argument by *Mr. Strowbridge.*

MR. JUSTICE MCBRIDE delivered the opinion of the court.

1. The objection to the findings upon the first cause of action cannot be sustained. The complaint and the answer agree that a sign, such as described in plaintiff's complaint, was made by defendant and placed in position on the Tilford Building, but alleges that it differed from the sign ordered in punctuation.

The third finding, while not as definite as could be wished, practically finds that plaintiff substantially complied with his contract. It was not necessary to describe such sign, as the answer admits that it was the same as described in the complaint.

2. The findings completely cover the issues raised on the second cause of action, and upon such findings plaintiff was entitled to a judgment for $225. Defendant has suffered no substantial injury, but, upon the contrary, has been benefited by the court giving judgment for a smaller amount than the findings indicate he was entitled to.

3. In order to sustain the allegations of the second cause of action, plaintiff testified, in substance, that on or about the 20th day of August, 1908, he entered into a verbal contract with the defendant, by the terms of which it was agreed that plaintiff should construct and place upon the Tilford Building the gold-lettered sign mentioned in the complaint, and stated that for such services the cost thereof should be in proportion to the cost of a similar sign constructed by plaintiff for defendant and placed upon another portion of such building; that the cost thereof, as compared with the other, was $225. The defendant objected to this testimony, as to the cost of the sign. The objection was overruled and an exception allowed. The bill of exceptions does not disclose the whole of the testimony as to the second cause of action. No ground was assigned for the objection to the

foregoing testimony; but counsel contends that it constitutes a fatal variance from the complaint, which alleged a direct promise to pay $225. We think such variance would be immaterial if the data were available to both parties, so that the cost would be a mere matter of mathematical computation.

4. No doubt plaintiff and defendant knew the cost of the sign previously painted, and, taking this amount as a basis, the contract became certain as to the consideration. In any event, plaintiff could not stand upon a general objection which did not call the court's attention to the exact error which he claimed: *Hildebrand* v. *United Artisans,* 50 Or. 159 (91 Pac. 542).

5. It is also claimed that, defendant not having accepted the property, plaintiff's remedy is by an action for damages and not upon the contract. Whatever may be the rule in other jurisdictions, the courts of this State have uniformly held contrary to defendant's contention: *Smith Brothers* v. *Wheeler & Simmons,* 7 Or. 49 (33 Am. Rep. 698); *Longfellow* v. *Huffman,* 49 Or. 486 (90 Pac. 907).

It does not appear that any substantial right of defendant has been prejudiced by any action of the lower court, and the judgment is therefore affirmed.   AFFIRMED.