FOUNTAIN CITY DRILL COMPANY, Appellant, vs. PETERSON and another, Respondents.

*December 12, 1905—January 9, 1906.*

*Sale of chattels: Executory contract: Delivery after countermand by one joint purchaser: Right to recover.*

1. One who performs an executory contract for the sale of chattels by delivering them at the place and in the manner specified, is entitled to recover the stipulated price, where the contract has not been unambiguously repudiated by the purchaser before such delivery.

2. A letter written by one of two joint purchasers of chattels under an executory contract, countermanding "all orders" given to the vendor for the reason that the writer was going away, etc., was not, in the absence of facts known to the vendor which would make such countermand binding upon the other purchaser, a sufficient repudiation of the contract to relieve the vendor from the duty to deliver the goods, or to prevent him from recovering the purchase price after such delivery.

APPEAL from a judgment of the circuit court for Barron county: A. J. VINJE, Circuit Judge. *Reversed.*

Action to recover purchase price of certain farm machines alleged to have been sold and delivered by plaintiff to defendants. Defense, general denial. The facts were stipulated and found as follows:

Plaintiff, a manufacturer and wholesaler, on February 9, 1903, received a written order from *A. C. Peterson* and *Charles Peterson* for the goods specified, to be shipped on or about March 1st to the defendants at Chetek, Wisconsin, defendants agreeing to pay therefor on November 1, 1903, and to pay all freight, taxes, and insurance, title to remain in plaintiff until full payment should be made. On February 18th plaintiff segregated from its general stock such machines, retaining them in its warehouse tagged with defendants' names. On February 24th *A. C. Peterson* wrote the plaintiff, in terms countermanding "all orders given to your

company," for the reason that he was going away and could not handle them, and stating that, if goods are shipped to his address, would necessarily have to be returned to the plaintiff. Nevertheless, on or about March 1st the plaintiff shipped the goods to the defendants at Chetek, where the same arrived about March 6th. The defendants refused to receive the machines, and they still remain at the depot at Chetek. No payment has been made for them.

The court held that there was a valid countermand and entered judgment for the defendants, from which the plaintiff appeals.

The cause was submitted for the appellant on the brief of *Charles S. Cairns* and *J. W. Soderberg,* and for the respondents on that of *C. C. Coe* and *A. E. Coe.*

DODGE, J. One who performs an executory contract for sale of chattels by delivering the same at the place and in the manner specified in the contract is entitled to recover the stipulated price, certainly unless the contract had been unambiguously repudiated by the purchaser before such delivery. *Ganson v. Madigan,* 13 Wis. 67; *Chapman v. Ingram,* 30 Wis. 290; *Boyington v. Sweeney,* 77 Wis. 55, 69, 45 N. W. 938. In this case plaintiff's contract was to "ship" the goods, and at the time specified it did ship them, addressed to defendants at Chetek. Thus the contract became fully performed by plaintiff, although defendants never took the goods from the railway station at Chetek. The conclusion of liability for the agreed price from such facts alone is direct and irresistible.

Defendants seek to avert that conclusion by reason of their repudiation of the contract before such delivery. For the purpose of the argument we may concede the right of a purchaser to repudiate the contract, and, by notification to the seller, to limit liability to the damages caused by the breach so committed. *Merrick v. N. W. Nat. L. Ins. Co.* 124 Wis.

221, 102 N. W. 593; *Woodman v. Blue Grass L. Co.* 125 Wis. 489, 103 N. W. 236, 104 N. W. 920. To accomplish that result, however, the notice of repudiation must be so authoritative and unambiguous as to wholly and beyond doubt absolve the seller from any duty to proceed to completion of the contract, and from any danger of liability if he refrains. *Gibbons v. Bente,* 51 Minn. 499, 53 N. W. 756. The only notice of repudiation here relied on is a letter from *A. C. Peterson,* clear and unambiguous enough probably, but the contract according to its terms was for sale to both *A. C.* and *Charles Peterson.* One joint purchaser is not *per se* agent for the other. Therefore, in absence of proof of any facts known to the plaintiff which would render the act of *A. C. Peterson* effective as against *Charles,* the letter in question left it still bound to proceed with performance of the contract of sale and under peril of damages, at any rate to *Charles Peterson,* if it failed in such duty. For these reasons the letter of *A. C. Peterson* could not suffice to relieve plaintiff from performance of the contract on its part, nor to prevent it from recovering the purchase price upon such performance. Upon the facts presented we find no escape from the conclusion that plaintiff's demand is fully established.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment according to the prayer of the complaint.