ENGELDINGER, Respondent, vs. STEVENS, Appellant.

*May 22—June 20, 1907.*

*Sales: Completed delivery: Cancellation of order: Custom: Evidence.*

1. Delivery of merchandise in the manner and at the place specified in a written order constitutes an executed sale and warrants recovery of the price.
2. Notice of cancellation of the order, which did not reach the vendor or any one authorized to receive it on his behalf until after completed delivery as above stated, would not affect his right to recover.
3. Where there was no ambiguity in an order by a dealer for cordwood nor in the vendor's act in filling the order, evidence to. show a custom among fuel dealers of buying light at that season and the buyer's interest in prompt shipment was immaterial.

APPEAL from a judgment of the circuit court for Eau Claire county: JAMES O'NEILL, Circuit Judge. *Affirmed.*

The defendant, a dealer in wood at Eau Claire, having learned about April 7th that the plaintiff, residing at Durand, had maple wood for sale, and that his price was "$5.25 per cord, f. o. b. Durand, Wisconsin, cash with order," and having at intervals of a few days ordered and received two carloads of such wood, the last shipped about April 22d and preceded by letter of April 21st from plaintiff, explaining that his shipments were dependent upon ability to get cars, and saying further, "Can supply you with four or five cars if you need it," on April 22, 1904, wrote: "Your favor at hand. I see you have sent me another car of wood. Please load and send me another car." To this letter plaintiff replied: "We will ship you another car as soon as possible, *i. e.* as soon as we can get a car." Plaintiff immediately ordered a car, which arrived at Durand April 27th, whereupon he commenced loading the same and completed some time in the afternoon of April 28th, when he took receipt therefor from the railroad company. Upon the tender of such carload of

wood to the defendant he refused to receive it, and plaintiff brings this action for its price.

The defense was general denial, and proof was attempted that the order of April 23d had been canceled, first, by the sending of a letter dated April 28th containing the words, "You will please cancel the order for another car of wood as I can't stand the shortage," followed by some statement of the short measurement of preceding cars. This letter was not received by plaintiff until April 29th. Further, on April 28th defendant procured the railroad agent at Eau Claire to telegraph the agent at Durand to notify plaintiff not to ship. The agent at Durand telephoned this information to some person answering the telephone in plaintiff's office, but plaintiff did not receive information until the 29th.

The court rendered findings and conclusions to the effect that a contract was consummated, and rendered judgment for the plaintiff for $76.12 and costs, from which the defendant appeals.

For the appellant there was a brief by *Wickham & Farr,* and oral argument by *F. R. Farr.*

For the respondent the cause was submitted on a brief signed by *W. E. Plummer.*

DODGE, J.    The delivery of merchandise in the manner and at the place specified in a written order constitutes an executed sale and warrants recovery of the price. *Murphy v. Sagola L. Co.* 125 Wis. 363, 103 N. W. 113; *Fountain City D. Co. v. Peterson,* 126 Wis. 512, 106 N. W. 17. The findings declare such acts to have been performed by the plaintiff, and they are clearly supported by the evidence. The right of the plaintiff to recover is therefore clear, unless cancellation of the order had been communicated to him, or some one authorized to receive it on his behalf, before such delivery. *Washburn v. Fletcher,* 42 Wis. 152; *L. J. Mueller F. Co. v. Meiklejohn,* 121 Wis. 605, 99 N. W. 332. The trial court

finds that the defendant's attempted cancellation did not reach plaintiff until the day after the completed delivery f. o. b. Durand, and we are unable to discover that the evidence clearly, if at all, preponderates against such finding. Hence the right of recovery is established.

Error is assigned upon the rejection of certain evidence: First, what is characterized as evidence to show a custom among fuel dealers of buying light at the season of the year involved; also some other facts bearing perhaps upon the interest of the defendant in prompt shipment. Since there was no ambiguity in the order, nor in the act of the plaintiff in filling it, such evidence could have no materiality.

We find no other question in the record needing consideration and no error affecting the correctness of the judgment.

*By the Court.*—Judgment affirmed.