RICHARDS, Appellant, vs. MANITOWOC AND NORTHERN TRACTION COMPANY, Respondent.

*May 14—June 3, 1909.*

*Executory contracts: What constitutes a breach: Stopping performance: Damages: Appeal: Affirmance.*

1. The refusal of one party to perform his part of an executory contract unless the other party consents to a modification constitutes a total breach of the contract.

2. If, while a contract to do work and furnish materials is still executory, the party for whom it is to be done orders the work stopped, the remedy of the other party is to recover damages for such breach. He cannot proceed with performance and recover the value of the completed job.

3. In the absence of a showing that appellant is entitled to recover more than the amount for which he had judgment and which respondent concedes, the judgment should be affirmed.

APPEAL from a judgment of the circuit court for Manitowoc county: MICHAEL KIRWAN, Circuit Judge. *Affirmed.*

This action was brought to recover the sum of $606.12 for labor performed and materials furnished in August and September, 1902, at the special instance and request of defendant. The complaint alleges, in effect, that the plaintiff was doing business under the name of Richards Iron Works, and that the defendant was a corporation operating a street interurban railway in the city of Manitowoc; that during August and September, 1902, plaintiff performed the labor and furnished the materials above referred to, and that a statement of the account was furnished on September 11, 1902, and no payment has been made thereon. The defendant admits its corporate existence and business, and denies generally the other allegations of the complaint. The case was referred, and the referee made and filed his report, in which he found that plaintiff was entitled to recover $75 and costs. Plaintiff filed exceptions to the report and findings of the referee and moved the circuit court to modify the report and for judgment as modified in the sum demanded in the complaint. The circuit court denied the motion to modify, confirmed the report of the referee, and ordered judgment for the plaintiff in the sum of $75 and interest at six per cent. from November 9, 1907, to date of its order, together with costs and disbursements. Judgment was entered accordingly, from which this appeal was taken.

For the appellant there was a brief by *A. L. Hougen* and *C. H. Sedgwick,* and oral argument by *Mr. Hougen.*

For the respondent there was a brief by *Nash & Nash,* and oral argument by *E. G. Nash.*

KERWIN, J.   The referee found, among other things, that the defendant was operating a street railway line along the highways of the city of Manitowoc and across the Manitowoc river upon a bridge; that in July, 1902, the superintendent of defendant, duly authorized, ordered of plaintiff certain appliances for use on the bridge; that the plaintiff accepted the order and immediately began work under the contract; that about the second day after the appliances had been ordered the general superintendent and superior officer of defendant, with authority so to do, peremptorily ordered the work stopped if the job was to cost more than $75, but, notwithstanding, the plaintiff proceeded with the work and finished the job at a cost of $606.12; that defendant refused to pay any amount in excess of $75; that plaintiff applied to the common council of the city of Manitowoc and received permission to remove the appliances from the bridge, but never did remove them; that the appliances furnished were worth $606.12.   And as conclusions thereon that the appliances were ordered by authority of defendant; that when ordered it was believed by the superintendent of defendant that they would cost not to exceed $75; that within two days after the order was given the order was canceled and the work ordered stopped unless the cost of the job was limited to $75; that the plaintiff elected to proceed with the job and elected and submitted to the condition and consented to do the job for $75; that the first contract was superseded by the second implied agreement; that by electing to proceed with the construction the plaintiff became bound by the limitation and cannot recover in excess of $75; and that plaintiff is entitled to recover the sum of $75.

The main contention of appellant is that, because a valid contract was made and no price fixed, he was entitled to com-

plete the job and recover what it was reasonably worth. It does not appear definitely how much had been done under the contract when the work was ordered stopped and the contract canceled. Only two days had elapsed from the time of the giving and acceptance of the order, and a large and substantial part, perhaps the principal part, of the contract was then unperformed and the contract executory. There is no doubt that the refusal of the defendant to perform on its part unless plaintiff would consent to a modification was a total breach of the contract. But notwithstanding the breach the plaintiff had no right to proceed and perform the contract, which was executory at the time of breach, and recover the value of the completed job. His remedy was to recover damages for the breach and proceed no further with performance of the contract on his part. *Ward v. Am. H. F. Co.* 119 Wis. 12, 96 N. W. 388; *Fountain City D. Co. v. Peterson,* 126 Wis. 512, 106 N. W. 17; *Engeldinger v. Stevens,* 132 Wis. 423, 112 N. W. 507.

The theory obviously of the appellant is that the plaintiff, after the contract was made, had a right to proceed and complete it, notwithstanding the order of defendant to proceed no further. This is not the law. While the contract remained executory the defendant had a right to stop the performance on the part of plaintiff by subjecting itself to such damages as would compensate plaintiff for being stopped in the performance of the contract. *Ward v. Am. H. F. Co., supra; Hamilton v. McPherson,* 28 N. Y. 72; *Johnson v. Meeker,* 96 N. Y. 93; *Hinckley v. Pittsburgh B. S. Co.* 121 U. S. 264, 7 Sup. Ct. 875; *Badger State L. Co. v. G. W. Jones L. Co., ante,* p. 73, 121 N. W. 933.

The plaintiff on the trial, however, did not claim damages on account of breach, but maintained his right to recover on the original contract for the value of the job completed, and the main question litigated appears to have been whether the original contract was modified so as to limit the cost of the

job to $75. The plaintiff offered no evidence of the damages occasioned by the breach. The court below as well as the referee seems to have awarded judgment for $75 on the theory that, when the defendant ordered the work stopped unless it could be done for $75, and plaintiff proceeded with and completed the job, plaintiff impliedly agreed to the modification. We need not decide this proposition. The plaintiff not having proved the amount of his damages occasioned by the breach, and it not appearing that he was entitled to recover more than $75, the amount which defendant concedes, we think the judgment was right and must be affirmed.

*By the Court.*—The judgment is affirmed.