EDWARD T. KELLY COMPANY, Appellant, vs. VON ZAKOBIEL, Respondent.

*February 6—March 4, 1919.*

*Contracts: Oral testimony to contradict writing: Sales: Order for books.*

> In the absence of proof of duress, fraud, mistake, excusable neglect, or other adequate reason, a written contract (in this case an accepted order for books) which speaks plainly, declares itself to be the entire contract, and is complete in itself, which negatives prior or contemporaneous oral agreements, and which says there are no conditions existing not expressed therein and that it is irrevocable, cannot be contradicted by parol testimony that there was a collateral agreement or condition not stated therein, such as, in this case, that the books were ordered subject to approval.

APPEAL from a judgment of the circuit court for Milwaukee county: JOHN J. GREGORY, Circuit Judge. *Reversed.*

Action begun in the civil court of Milwaukee county to recover a balance of $51.50 due on the purchase price of a set of books delivered to defendant in pursuance of the following order:

*"Edward T. Kelly Company,* Chicago.

"Please enter my order for, and deliver to any common carrier, addressed to me, one set of Ridpath's new complete History of the United States, in twelve (12) volumes, three quarters Morocco binding.

"I agree to pay therefor $3 with this order and $3 your order each month until I have paid the full amount of $54.50.

"The books are to remain your property until paid for in full. If two or more consecutive monthly payments become delinquent the whole amount shall then become due. This contract is irrevocable and no conditions affecting it not embodied herein exist.    R. VON ZAKOBIEL."

Plaintiff sent the books by Wells-Fargo Express and they were received by the defendant, but in a few days he returned them because they were unsatisfactory and counter-

claimed for the $3 paid at the time he signed the order. Upon the trial in the civil court he was permitted, against plaintiff's objection, to testify that he bought the books from plaintiff's agent subject to approval and that they were not satisfactory and were returned.   The civil court ordered judgment dismissing plaintiff's complaint upon the merits and judgment for defendant upon his counterclaim.   Upon appeal to the circuit court the judgment was affirmed and the plaintiff appealed.

For the appellant there was a brief by *Carroll & Carroll* of Milwaukee, and oral argument by *William J. Carroll*.

For the respondent the cause was submitted on the brief of *Herbert R. Manger* of Milwaukee.

VINJE, J.   The defendant does not claim that any fraud or duress was practiced upon him or that he signed the order by mistake or did not notice its provisions.   On the contrary, his testimony shows that he knew the order contradicted the oral conversations previously had as testified by him and still he signed and delivered it to plaintiff's agent to be sent to plaintiff. It was sent as intended. It was accepted and acted upon by plaintiff as written.   It purported to express all the agreements and in plain terms negatived the existence of any conditions not expressed therein.   It was declared irrevocable and was to become operative immediately and unconditionally upon acceptance and not upon the happening of some future event, condition, or notice.

Upon the acceptance of the order and the delivery of the books to the defendant the plaintiff became entitled to recover the stipulated purchase price. *Fountain City D. Co. v. Peterson,* 126 Wis. 512, 106 N. W. 17.

The parol testimony admitted materially changed the written contract by making it conditional instead of absolute, and by incorporating conditions expressly negatived in the writing itself.   Written contracts cannot be so contradicted by parol testimony. *Borchert v. Skidmore L. Co., ante,* p. 523,

171 N. W. 70, and authorities cited. The parol testimony was erroneously admitted.

Counsel for defendant calls our attention to the rule of law that permits the entire contract to be shown though a part of it rests in parol. That rule is operative only when there is no vital contradiction between what is expressed in the writing and the oral agreement. But this contract says it is entire. To prove the contrary would be to contradict the writing. We are also reminded that it may be shown by parol testimony that an instrument was given on condition and that such condition has not been satisfied. No doubt such is the rule as to writings that are consistent with such proof. But this instrument says it is irrevocable and that no conditions exist not expressed therein. And finally it is urged that a collateral agreement which was the inducement for entering into the written contract may be shown by parol. No doubt it may in a proper case. But not where the written contract expressly negatives any collateral agreement, and no claim is made that the signature thereto was obtained by reason of duress, fraud, mistake, or excusable neglect.

The law seeks to protect both parties to a written contract. Hence, when a writing speaks plainly and declares itself to be the entire contract, and is complete in itself; when it negatives prior or contemporaneous oral agreements; when it says there are no conditions existing not expressed therein, and that it is irrevocable, it must be held to contain the entire agreement between the parties or else written contracts would become mere scraps of paper subject to the same infirmities of self-interest, forgetfulness, and misunderstanding that attend oral agreements. It is for the purpose of avoiding these infirmities that written contracts are entered into, and it is in the furtherance of justice and honesty that the law declares that what a man has plainly asserted under his own signature he should not be permitted to deny except upon proof of duress, fraud, mis-

take, excusable neglect, or some other adequate cause.    We have no such case here.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment dismissing defendant's counterclaim upon the merits and to enter judgment for plaintiff upon its cause of action in the sum of $51.50 and costs as of March 8, 1918.