EQUITABLE SURETY COMPANY, Appellant, vs. HARTMANN and another, Respondents.

*March 16—April 11, 1922.*

*Evidence: Oral evidence to contradict writing: Representations as to law.*

1. Defendants having signed an indemnity bond with full knowledge of its contents became bound thereby, and oral testimony as to conversations and understandings that the bond would not be enforced according to its terms, prior to and at the time of the signing, is inadmissible.
2. The signers of such indemnity bond would not be relieved even if false representations were made by obligee's agents as to the law.

APPEAL from a judgment of the circuit court for Brown county: HENRY GRAASS, Circuit Judge. *Reversed.*

The defendants were officers of the Hartmann-Greiling Company of Green Bay, which had a contract with the United States government for building a dredge. In connection with such contract a bond was required by the government. Such bond was furnished by the plaintiff, and as a condition for the giving of it the plaintiff required an indemnity bond from the defendants to secure the payment of the premium.

The plaintiff was represented in the state of Wisconsin by the Eldredge Agency of Milwaukee, with a representative at Green Bay, Mr. Fisk, with whom the first negotia-

tions were had.   A Mr. French, representing the Eldredge Agency, came to Green Bay and completed the negotiations with reference to the two bonds.

Under the contract with the government the work was required to be finished within one year from the time of the giving of the bond.   The defendant *Hartmann* alone conducted the negotiations on behalf of the defendants, and defendants contend that at the time of the negotiations with Mr. French it was orally agreed that the plaintiff would require but one annual premium of $260 for the entire liability for premiums on the bond to be given to the government. This is denied, however, by Mr. French.

The condition of the indemnity bond signed by defendants and upon which plaintiff relies was as follows:

"Now, therefore, in consideration of the premises and of the sum of one dollar in hand paid to us by the company, the receipt whereof is hereby acknowledged, we, the undersigned, hereby covenant and agree with the company, its successors and assigns, in manner following: First, that we will pay in cash to the company, at its home office, for the execution of the said instrument, the annual premium or charge of two hundred sixty (\$260) dollars, to be paid annually in advance on the 18th day of May in each and every year during the time the company shall be and continue liable upon said instrument, and until the company shall have been discharged and released from any and all liability upon the said instrument, and all matters arising therefrom, and until there shall have been furnished to the company, at its principal offices, due and satisfactory proof, by evidence legally competent, of such discharge and release."

No proof was given to plaintiff prior to the commencement of this suit that the contract for the building of the dredge had been completed.   The dredge was not so completed as to be accepted by the government until shortly after the year had expired, and final payment was not made until long thereafter.

The first year's premium of $260 was paid in two instal-

ments, the last one at the expiration of the year. Sometime thereafter demand was made for a second year's premium of $260, and, payment being refused by defendants, this action was brought.

Defendants counterclaimed, alleging that the written contract of indemnity signed by the defendants was, by mutual mistake, not in accordance with the agreement made between defendant *Hartmann* and French, and prayed that it should be reformed. Upon the trial the court granted the relief asked for by defendants and directed judgment modifying the written contract so that it should provide that there should be but one premium paid upon the bond given to the government; and dismissing the complaint. From the judgment so entered plaintiff has appealed.

For the appellant there was a brief by *Kittell, Jaseph & Young* of Green Bay, and oral argument by *L. D. Jaseph.*
*C. W. Lomas* of Green Bay, for the respondents.

ESCHWEILER, J. It appears from the testimony of the defendant *Hartmann,* who alone acted for the defendants in the execution of the indemnity bond in question, that before it was signed he read it, and particularly the portion thereof quoted in the above statement of facts; that he then spoke to the agent at Green Bay, Mr. Fisk, concerning the expressed requirement for the payment of annual instalments of the premium. Then, upon the oral assurance of Mr. Fisk to the effect that defendants had the promise of Mr. French, the representative of the Eldredge Agency acting on behalf of the plaintiff, that defendants would not be required in any event to pay more than one year's premium, the defendants signed the instrument.

In this case there is no claim made that any fraud was perpetrated upon the defendants. By *Hartmann's* testimony it appears that the defendants signed the written undertaking assuming that in so doing they could, under the law, rely upon oral assurances by either or both of plaintiff's agents

that the same would not be enforced according to its plain terms.    Such assumption was based upon a mistaken view, and even if false representations by plaintiff's agent had been made as to the law it could not avail defendants.  Jones, Ev. (2d ed.) §§ 25, 26.   Having signed the written contract with full knowledge of its contents they became bound thereby, and oral testimony as to conversations and understandings to a contrary effect, prior to or at the time of the signing of such contract, was inadmissible.   *Edward T. Kelly Co. v. von Zakobiel,* 168 Wis. 579, 580, 171 N. W. 75; *John O'Brien L. Co. v. Wilkinson,* 117 Wis. 468, 474, 94 N. W. 337; Jones, Ev. (2d ed.) § 434.

There being no other ground of defense presented, judgment for plaintiff should have been granted.

*By the Court.*—Judgment reversed, and the cause remanded with directions to enter judgment in accordance with the prayer of the complaint.