Felt & Tarrant Mfg. Co. v. Northwestern E. & P. Co. 178 Wis. 552.

The fourth assignment of error is based upon the allowance by the circuit court of interest on the judgment in the municipal court from the 7th day of October, 1921, to the 5th day of March, 1922, in the sum of $4.20. Such allowance was clearly based upon a miscalculation, and the amount allowed should be $12.88. Were this the only assignment of error, the fact that the plaintiff's counsel failed to call the attention of the court to such miscalculation would preclude the plaintiff from taxing costs. But inasmuch as the judgment of the circuit court must be reversed in part, we conclude that the plaintiff is entitled to costs in this court.

The judgment of the circuit court is therefore modified so as to allow the plaintiff the sum of $60 deducted as a trade discount, and the cause is remanded to the circuit court to enter judgment in favor of the plaintiff for the sum of $577.88, and $42.19 costs in the municipal court, making a total of $620.07, with interest thereon from October 7, 1921, plus the taxable costs in the circuit court.

*By the Court.*—The judgment of the circuit court is therefore modified in accordance with this opinion, and as so modified affirmed, with costs to the plaintiff.

---

FELT & TARRANT MANUFACTURING COMPANY, Respondent, vs. NORTHWESTERN EGG & POULTRY COMPANY, Appellant.

*October 11—November 8, 1922.*

*Sales: Cancellation: Burden of proof: Acceptance of order: Sufficiency: Delivery to carrier.*

1. A contract for the purchase of goods having been established, the burden is on the buyer to show that the seller received notice of cancellation of the order before the goods were delivered to the carrier.

2. The evidence in this case is *held* to authorize the trial court to change the jury's finding that the seller received notice of cancellation before delivery of the goods to the carrier, so as to make it read that the seller did not receive such notice before delivery to the carrier.

3. The defendant having signed a written order upon plaintiff for a comptometer which recited that it was subject to acceptance by one of the officers of plaintiff at Chicago, a letter acknowledging receipt of the order and stating that it had been entered for shipment and that delivery would be made as soon as plaintiff was able to ship it to its office in Milwaukee, constituted a sufficient acceptance.

4. The contract in this case comes within the provisions of sub. 1, sec. 1684*t*—46, Stats., providing that delivery of goods to the carrier for transmission to the buyer constitutes a delivery; and upon such delivery property in the goods passed to the buyer.

APPEAL from a judgment of the circuit court for Eau Claire county: JAMES WICKHAM, Circuit Judge. *Affirmed.*

On August 12, 1920, the defendant, a Wisconsin corporation, at Eau Claire signed a written order upon plaintiff for a comptometer. It recited: "All orders subject to the acceptance of an officer of the company in Chicago."

By letter of August 18th plaintiff acknowledged receipt of the order of August 12th and stated that the order had been entered for shipment in sequence according to date and that delivery would be made as soon as plaintiff was able to ship the machine to Milwaukee (it appearing that orders were solicited and deliveries made from plaintiff's Milwaukee office).

By a letter dated August *19th* the defendant requested the plaintiff to cancel the order of August 12th; and again by letter of August 21st, acknowledging receipt of the plaintiff's letter of the 18th, defendant confirmed its letter canceling the order (referring to it, however, as of August *20th*). Pursuant to the order the comptometer was delivered to the express company at Milwaukee sometime between 8 a. m. and 1 o'clock p. m. of Saturday, August 21st,

for shipment and delivery to defendant. It was brought to defendant's place of business on Monday, August 23d, and acceptance was refused.

Upon the trial the jury found:

(1) The plaintiff first received notice from defendant of the cancellation of the order on Saturday, August 21st.

(2) The plaintiff had already mailed to defendant its acceptance of said order before receiving the notice of cancellation.

"Q. 3. At the time such notice was received, had the plaintiff delivered the comptometer to the express company for shipment to the defendant? *A.* No."

Motions were made by the respective parties after verdict. The court changed the answer of the third question from "No" to "Yes" and thereupon granted plaintiff's motion for judgment for the amount claimed. From that judgment the defendant appeals.

The cause was submitted for the appellant on the brief of *Victor M. Stolts* of Eau Claire, and for the respondent on that of *Fred Arnold* of Eau Claire.

Eschweiler, J. The defendant complains of the action of the trial court in changing the answer to the third question of the special verdict. The jury having found, and the court having sustained the finding, and there is ample evidence to support such ruling, that the plaintiff had deposited in the mail to be forwarded to defendant its written acceptance of defendant's order before plaintiff had received notice of the cancellation, no question is here raised that the contract between the parties was not then and thereby completed and in effect.

The contract having thus been established, the burden was then upon defendant to show that notice of its cancellation of the order had been received by plaintiff prior to its delivery of the machine to the express company for carriage to the defendant.

The evidence defendant offered on this point from the writer of the letter dated August 19th and the stenographer to whom it was dictated and by whom written is confusing and very uncertain as to the exact day on which it was written, and still more so as to the time when it was deposited in the mail. It was conceded by plaintiff from its notation on the face of this letter that it was received sometime on Saturday, August 21st. It is undisputed that the comptometer was delivered to the express company sometime during the forenoon of the same day. The jury were very much in doubt on this question, as appears from their questions to the court on coming back from their deliberations for further instructions before answering it as they did in favor of defendant's contention. The trial court, however, felt that the testimony did not warrant such conclusion of the jury and for that reason changed the answer and upon such change judgment necessarily followed in favor of the plaintiff.

An examination of the evidence convinces us that the court did not err in this regard, and such action cannot be disturbed.

Defendant further urged that there was no proper acceptance of this order by the plaintiff according to the condition of the order in that regard. The letter of August 18th set forth in the statement of facts, by plaintiff to defendant, is clearly sufficient as an acceptance.

It is also claimed that by the terms of the contract as well as by the provisions of statute the contract contemplated delivery of the machine at Eau Claire, and it being undisputed that the machine in question did not reach Eau Claire until Monday the 23d, the notice of cancellation reaching Chicago on Saturday the 21st was timely and effective. Such contract as is here involved comes within the provisions of sub. 1, sec. 1684t—46, Stats., providing that delivery of goods to a carrier for the purpose of transmission to the buyer is sufficient to constitute a de-

livery to the buyer. By such delivery the property in the goods passed to the defendant, and upon its refusal to pay the plaintiff might lawfully maintain an action for the price. Sub. 1, sec. 1684t—63; *Engeldinger v. Stevens,* 132 Wis. 423, 112 N. W. 507.

*By the Court.*—Judgment affirmed.