STATE BANK OF DE PERE, Respondent, vs. CHICAGO & NORTHWESTERN RAILWAY COMPANY, Appellant.

*April 11—May 9, 1933.*

For the appellant there was a brief by *J. F. Baker* and *Llewellyn Cole,* both of Milwaukee, and oral argument by *Mr. Cole.*

For the respondent there was a brief by *Martin & Martin,* and oral argument by *Alex Wilmer,* all of Green Bay.

ROSENBERRY, C. J.   Plaintiff's theory of its right to recover in this action may be stated as follows: the defendant having received the shipment, or being estopped to deny that it received the shipment, is liable as insurer to the owner for its failure to deliver the shipment in accordance with the terms of the bill of lading unless it proves that its failure is due to some cause of loss for which it is exempt from liability.   The plaintiff having paid the full value of the shipment to the De Pere Paper Manufacturing Company and taken an assignment of its claim against the consignee, succeeded to all rights of ownership of the De Pere Paper Manufacturing Company in the shipment.   The shipment never having been delivered to the consignee and the consignee never having become indebted to any one because of that fact, the consignee never became the owner of anything

more than the legal title; hence the plaintiff, having succeeded to all rights of ownership in the shipment not in the consignee, had full beneficial ownership and equitable title to the shipment and is entitled to recover as the real party in interest the value of the shipment for the failure of the defendant to deliver the shipment to the consignee.

The validity of plaintiff's claim depends upon its ownership of the goods which were receipted for by the straight bill of lading. Plaintiff's contention is that the title to these goods passed to it when the De Pere Paper Manufacturing Company assigned to it a statement of account which was to become due to the Paper Manufacturing Company when the goods were delivered. Manifestly nothing became due unless and until the title to the goods vested in the Container Corporation. Nothing appearing to the contrary, delivery to the carrier under a straight bill of lading as between the shipper and the consignee is a delivery to the consignee. Sec. 121.46, Wis. Stats. (Uniform Sales Act) ; *Felt & Tarrant Mfg. Co. v. Northwestern E. & P. Co.* 178 Wis. 552, 190 N. W. 431; *Murphy v. Sagola Lumber Co.* 125 Wis. 363, 103 N. W. 1113.

The plaintiff counters this argument with the proposition that pending delivery to the carrier by the shipper and receipt of the goods by the consignee "the goods stood for the claim and account and were security for the maturity of the claim and account into a debt due." The right which the De Pere Paper Manufacturing Company assigned to plaintiff was the right to the amount due on the account. That amount could only become due when the title to the goods was in the Container Corporation so that the account could never represent the goods. Plaintiff cites in support of its position authorities sustaining the well recognized principle of law that an assignment of a demand which is the principal thing operates as an assignment of all securities for its recovery or collection, and upon such securities the assignee

as the real party in interest may maintain an action in his own name.

We cannot review all of these cases but shall refer to one upon which plaintiff appears to rely. In *Credito y Ahorro Ponceno v. Gorbia,* 25 Fed. (2d) 817, the plaintiff was a trustee in bankruptcy. It had been a part of the bankrupt's business to furnish money and supplies to planters to aid them in planting, cultivating, and harvesting their crops, in return for which the bankrupt received notes which constituted the funds represented thereby, liens upon the tobacco crop to be raised. The defendant bank purchased these notes which were duly assigned and transferred to the defendant. A controversy arose between the parties as to the title to the proceeds of tobacco subsequently delivered. It was held that the bank acquired title superior to the right of the trustee in bankruptcy on the ground that a sale or assignment of a credit includes all of the accessory rights such as the security, mortgage, pledge, or privilege both under the common law and under the Civil Code of Porto Rico. This is merely another illustration of the doctrine that the debt is the principal thing, security for the payment thereof an incident to it, and that the transfer of the debt carries with it the security without formal assignment. *Roach v. Sanborn Land Co.* 135 Wis. 354, 115 N. W. 1102.

The De Pere Paper Manufacturing Company did not have the power to assign to the plaintiff a right which was in the Container Corporation. It could only transfer the right which it owned, which was to claim from the Container Corporation not certain specific goods but payment of a certain sum which might thereafter become due to it. When the bill of lading was exhibited to the plaintiff, the title to the goods had passed to the Container Corporation. The contract of the carrier was not a contract for the benefit of another but was a contract for the benefit of the consignee, which was a party to the bill. The rights under the bill of

lading were not ambulatory and could not be devolved upon any one whom the De Pere Paper Manufacturing Company might nominate as its successor in title to the claim which it had against the Container Corporation. The Container Corporation after the delivery of the goods and the issuance of the straight bill of lading, nothing else appearing, had more than a naked legal title. It was beneficial owner of the goods and could maintain an action for failure of the shipment of the goods in accordance with the bill of lading. Plaintiff's right of recovery depends entirely upon title to the goods. It had no title and cannot maintain the action.

*By the Court.*—The order appealed from is reversed, and cause remanded for further proceedings according to law.